The relief described hereinbelow is SO ORDERED

Done this 26th day of June, 2019.

**William R. Sawyer**
**United States Bankruptcy Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-80027 |
| BILL BURTON, | CHAPTER: 13 |
| Debtor. | |

### CONSENT ORDER ON MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY (#34)

This matter came before the Court on Tuesday, March 14, 2019 at 1:30 p.m., upon the Motion for Relief from Automatic Stay and Co-Debtor Stay of 11 U.S.C. § 362(a) filed by Carrington Mortgage Services, LLC, as servicer for Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A (hereinafter "Movant"). Movant and Bill Burton (hereinafter "Debtor"), through counsel, agree that Movant's request for relief from stay should be **CONDITIONALLY DENIED** at this point. Based upon the agreement of the parties, the Court finds that good cause exists to modify the stay, and it is hereby

**ORDERED, ADJUDGED and DECREED that:**

1. The Debtors shall include in their plan the total amount of $1,860.96 which includes the application of a suspense credit in the amount of $224.42. This amount is comprised of two (2) regular payments in the amount of $627.19 each for April 11, 2019 through May 11, 2019 and $650.00 in attorney's fees for the Motion for Relief and $181.00 in filing fees for for the Motion for Relief. Movant shall file a post-petition claim for this amount.

The specified monthly on said claim shall be $63.00, and plan payments are increased to $571.00 monthly.

2. Beginning with the June 11, 2019 payment, the Debtors will make all regular monthly payments (including principal, interest and any and all insurance and escrow) as provided for in the Agreement direct to Movant.

3. Beginning with the June 11, 2019 payment, in the event the Debtors fail to make any payment of principal, interest or any and all insurance and escrow as described in the preceding paragraphs of this Order by failing to make a regular monthly payment directly to Movant on the date it comes due per the terms of the Agreement, then Movant will send a letter to the Debtors, with a copy to Debtors' counsel and the Trustee, notifying them of the default and if the Debtors fail to cure the default within twenty (20) days of the date of the notice of default letter, then relief from the automatic stay of 11 U.S.C. § 362(a) is hereby **GRANTED**, and Movant, without further Order of this Court, shall be entitled to reduce its claim(s) in the bankruptcy case, accelerate the balance due and foreclose and/or repossess its collateral.

4. If the Debtors default and Movant is granted relief from the automatic stay under the terms of the Order, the stay **SHALL NOT** remain in effect for an additional fourteen (14) day period pursuant to Rule 4001(a)(3), and Movant shall be entitled to immediately repossess and/or dispose of its collateral.

5. The Parties agree and acknowledge that the terms of this agreed/stipulated Order will not survive the dismissal of the Debtors' bankruptcy case.

**END OF ORDER**

Consented to on this 24th day of June, 2019.

/s/ *Bryce Noel*
Bryce Noel
Attorney for Creditor
ALDRIDGE PITE, LLP
Fifteen Piedmont Center
3575 Piedmont Rd., N.E., Ste. 500
Atlanta, GA 30305
Email: bnoel@aldridgepite.com


*/s/ David S. Clark*
David S. Clark
Attorney for Debtor
David S. Clark Attorney at Law, LLC
P. O. Box 1586
Opelika, AL 36803
Email: david@davidsclark.com

*/s/ Sabrina L. McKinney*          *authorized for signature by staff attorney Audrey L. Willis*
Sabrina L. McKinney
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
Email: trustees_office@ch13mdal.com